﻿Citation Nr: AXXXXXXXX
Decision Date: 05/07/19 Archive Date: 05/06/19

DOCKET NO. 181206-1451
DATE: May 7, 2019

ORDER

Service connection for a jaw injury is denied.

Service connection for a tooth injury/extraction is denied.

Service connection for vertigo is denied.

Service connection for posttraumatic stress disorder (PTSD) is denied.

FINDINGS OF FACT

1. The evidence does not show the Veteran has a jaw disability that is related to service.

2. A current disability involving a tooth is not shown.

3. The evidence does not show the Veteran has a vertigo disability that is related to service.

4. A current diagnosis of PTSD is not shown by the evidence of record. 

CONCLUSIONS OF LAW

1. The criteria for service connection for a jaw injury have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. § 3.303 (2018).

2. The criteria for service connection for a tooth injury/extraction have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. § 3.303 (2018).

3. The criteria for service connection for vertigo have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.310 (2018).

4. The criteria for service connection for PTSD have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. § 3.303 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had honorable active duty service from January 1971 to January 1974. These matters come to the Board of Veterans' Appeals (Board) on appeal from a November 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. The Veteran has elected direct review by the Board, which means that no evidence received after the November 2018 rating decision can be considered.

The Board notes the Veteran has psychiatric diagnoses other than PTSD. However, those diagnoses have been addressed separately by the RO, and were subjected to a different appeal stream under RAMP at the RO level. As such, the only issue before the Board at this time is service connection for PTSD.

SERVICE CONNECTION

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Generally, to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999). Service connection may also be established for disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(a) (2018). Further, a disability that is aggravated by a service-connected disability may be service connected to the degree that the aggravation is shown. 38 C.F.R. § 3.310 (2018); Allen v. Brown, 7 Vet. App. 439 (1995). 

A current disability is the cornerstone of a claim for VA disability compensation and in the absence of proof of a present disability, there can be no valid claim. See Degmetich v. Brown, 104 F. 3d 1328 (1997) (holding that requiring the existence of a present disability for VA compensation purposes cannot be considered arbitrary and therefore the decision based on that interpretation must be affirmed); see also Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 143-44 (1992).

1. Service connection for a jaw injury is denied.

2. Service connection for a tooth injury/extraction is denied.

3. Service connection for vertigo is denied.

The Veteran seeks service connection for a jaw injury, a tooth injury/extraction and vertigo. He contends he was struck and knocked down by a comrade who was demonstrating his karate expertise, causing him to break a tooth and gash his chin when he hit a bed post. He reports that he has a scar on his chin as a result that is sensitive to touch, that he has jaw pain and discomfort, and that he has suffered from vertigo since that time. Alternatively, he alleges his vertigo is related to his tinnitus.

The preponderance of the evidence is against the claims for service connection for a jaw injury, a tooth injury/extraction, and vertigo. 

Service treatment records are negative for complaints or findings of the injury or incident described by the Veteran. In a January 14, 1974 treatment note, he denied serious injuries to the head, face or jaw. His January 16, 1974 separation examination revealed no jaw, tooth or vertigo disability, nor was a scar of the chin noted. The post-service medical evidence of record does not indicate that the Veteran has sought treatment for, or been diagnosed with, any problems involving his jaw or teeth, to include a scar on his jaw. Nor is there any evidence indicating the Veteran has a vertigo disability that is related to service. 

While the Veteran has alleged that he has jaw pain and vertigo since service, the Board does not find such assertion persuasive. In this regard, a VA problem list from 2014 failed to mention jaw, dental or vertigo conditions. See Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (2006) (the lack of contemporaneous medical records, the significant time delay between the affiants' observations and the date on which the statements were written, and conflicting statements of the veteran are factors that the Board can consider and weigh against a veteran's lay evidence). 

In sum, there is no competent, credible or probative evidence of the claimed conditions in service; and no medical evidence of record at the time of the November 2018 rating decision suggesting that the Veteran has a current jaw, tooth, or vertigo problem that is related to service. Moreover, there is no competent evidence of record at the time of the November 2018 rating decision suggesting the Veteran has a vertigo disability that is caused or aggravated by his service-connected tinnitus. 38 C.F.R. § 3.310. Accordingly, the preponderance of the evidence is against the claims, and service connection is denied.

4. Service connection for PTSD is denied.

The Veteran also seeks service connection for PTSD due to personal assault and harassment during service. He reports that another service member groped and touched him inappropriately and threatened to penetrate him so that he was in constant alert and fear because he took the threats seriously. 

Service connection for PTSD requires: (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125 (a); (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. See 38 C.F.R. § 3.304(f).

The preponderance of the evidence is against the claims for service connection for PTSD. There is no indication in the evidence of record at the time of the November 2018 decision that the Veteran has been diagnosed with PTSD; rather, a PTSD screen conducted in December 2012 was negative. Without evidence of a diagnosis of PTSD during the course of the claim, service connection is not warranted and the claim must be denied.

 

K. A. BANFIELD

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Van Wambeke, Counsel